Case No. 19-4268

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

---

**JAHMIR CHRISTOPHER FRANK,**

**APPELLANT**

**VS.**

**GOOD SAMARITAN HOSPITAL OF CINCINNATI, LLC, et al.**

**APPELLEE**

---

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF OHIO
CASE NO. 1:18-CV-00618**

---

**BRIEF OF APPELLEE GOOD SAMARITAN HOSPITAL OF
CINCINNATI, LLC**

---

RENDIGS, FRY, KIELY & DENNIS, LLP
Michael P. Foley (0061227)
Thomas M. Evans (0033430)
Anthony G. Raluy (0099338)
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Tele: 513 381 9200 / Fax: 513 381 9206
Email Address: _ MFoley@rendigs.com;
                 TME@rendigs.com;
                 TRaluy@rendigs.com
*Attorneys for the Appellee Good Samaritan Hospital*

## CORPORATE DISCLOSURE

In compliance with F.R.A.P. 26.1 and 6 Cir. R. 26.1, this corporate disclosure statement states as follows:

1.    Is Good Samaritan Hospital of Cincinnati a subsidiary of a publicly owned corporation?

a.  Yes _____        No ___x___

If this answer is yes, list below the identity of the parent, subsidiary or other affiliate corporation, and the relationship between it and the named party.


2.    Is there a publicly owned corporation, not a party to this case that has a financial interest in the outcome?

a.  Yes _____        No ___x___


3.  If this answer is yes, list below the identity of the parent, subsidiary or other affiliate corporation, and the nature of the financial interest.

Date:    _____


*s/Michael P. Foley*_____
Michael P. Foley

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES……………………………………………………iv

STATEMENT IN SUPPORT OF ORAL ARGUMENT………………....……vii

STATEMENT OF JURISDICTION…………………………………………..1

STATEMENT OF ISSUES…………………………………………………2

    1.    Whether the State of Ohio recognizes a cause of action for
        negligent destruction of medical records…………………………...2

STATEMENT OF THE CASE………………………………………………...3

SUMMARY OF THE ARGUMENT……………………………………………..9

ARGUMENT………………………………………………………………10

    I.    Appellant waived his right to appeal dismissal of Count
        Three of the Complaint by failing to make any argument
        in the Trial Court in response to the Motion
        to Dismiss…………………………………………………………...11

    II.    Ohio does not recognize the tort of negligent destruction of
        medical records………………………………………………………13

        A.    Under Ohio law, negligent destruction of medical records
            does not give rise to an actionable tort for spoliation...............14

        B.    There is no legal duty under Ohio law to retain medical
            records for 21 years………………………………………...18

        C.    Appellant's reliance on the Joint Commission IM Standards
            and on a purported breach of HIPAA is inapplicable to this
            appeal………………………………………………………23

        D.    The CMS Medicare Conditions of Participation Standards
            and O.R.C. § 2913.40(D) expressly provide for a five and
            six year record retention period, not 21 years as advocated

by Appellant………………………………………………….**26**

**III.**   **Appellant is not appealing a discovery sanction, and Appellant cannot turn a discovery matter into a cause of action under Ohio law**………………………………………………….**27**

**CONCLUSION**…………………………………………………..**30**

**CERTIFICATE OF COMPLIANCE**………………………………..**32**

**CERTIFICATE OF SERVICE**…………………………………….**33**

**ADDENDUM**……………………………………………………**34**

# TABLE OF AUTHORITIES

## <u>CASES</u>

*Actionlink, LLC v. Sorgenfrei*, No. 5:08CV2565, 2010 U.S. Dist. LEXIS
  6703 (N.D.Ohio Jan. 27, 2010)…………………………………….…15

*Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009)……………………….…..29

*Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008)………………………….…10

*Bd. v. Jurcevic,* 867 F.3d 616 (6th Cir. 2017)………………………………….…1

*Christensen v. United States*, No. 5: 11-321-KKC,
  2013 U.S. Dist. LEXIS 120599 (E.D.Ky. Aug. 26, 2013)………………..25

*DeCecco v. UPMC*, 3 F. Supp. 3d 337 (W.D.Pa. 2014)………….………..……23

*Drawl v. Cornicelli*, 124 Ohio App.3d 562, 706 N.E.2d 849
  (11th Dist. 1997)…………………………………………..………..15, 16, 22

*Elliott-Thomas v. Smith*, 154 Ohio St.3d 11, 2018-Ohio-1783……………………15

*Erie R.R. v. Tompkins,* 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817 (1938)……….11

*Faber v. Ciox Health, LLC*, 944 F.3d 593 (6th Cir. 2019)…………………….....24

*Fifth Third Bank v. Gen. Bag Corp.*, 8th Dist. Cuyahoga No. 92793,
  2010-Ohio-2086…………………………………..……………………..29

*Foster v. Barilow*, 6 F.3d 405 (6th Cir. 1993)………………………………11, 12

*Galloway v. Swanson*, Civil Action No. 5:09CV02834,
  2011 U.S. Dist. LEXIS 133732 (N.D.Ohio Nov. 18, 2011)………..…….…16

*Gen. Acquisition v. Gencorp, Inc.*, 23 F.3d 1022 (6th Cir.1994)……………………1

*Gialousis v. Eye Care Assocs.*, 7th Dist. Mahoning No. 05 MA 163,
  2007-Ohio-1120………………………………………………..……..16, 17

*Holley v. A&E TV Networks, LLC*, No. 3:18-cv-00312,
  2018 U.S. Dist. LEXIS 207529 (S.D.Ohio Dec. 10, 2018)…………....…25

*Jandro v. Ohio Edison Co.*, 167 F.3d 309 (6th Cir.1999)……………....…….…11

*Keen v. Hardin Mem. Hosp.*, 3d Dist. Hardin No. 6-03-08,
  2003-Ohio-6707……………………………………....…………16, 17

*Mair v. C & O R.R..,* 851 F.2d 829 (6th Cir. 1988)………………….……..11

*Marok v. Ohio State Univ.*, 10th Dist. Franklin No. 13AP-12,
  2014-Ohio-1184……………………………………….…………28, 29

*Mediacom Southeast LLC v. BellSouth Telcoms., Inc.*, 672 F.3d 396,
  (6th Cir. 2012)……………………………………………………10

*Mezibov v. Allen*, 411 F.3d 712 (6th Cir. 2005)…………………………………10

*McLeod v. Mt. Sinai Med. Ctr.*, 166 Ohio App.3d 647, 2006-Ohio-2206,
  852 N.E.2d 1235……………………………………………...………16, 17

*McGuire v. Draper, Hollenbaugh & Briscoe Co., L.P.A.*, 4th Dist.
  Highland No. 01CA21, 2002-Ohio-6170…………………….……....……23

*Miller v. Target Corp.*, No. 3:13-cv-216, 2014 U.S. Dist. LEXIS 155458
  (S.D.Ohio Nov. 3, 2014)………………………………….………22, 23

*Monroe v. Forum Health*, 11th Dist. Trumbull No. 2012-T-0026,
  2012-Ohio-6133…………………………………………...……………16

*Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638,
  1994-Ohio-324, 635 N.E.2d 331……………………………………16

*Motorists Mut. Ins. Co. v. Huron Rd. Hosp.*, 73 Ohio St.3d 391,
  1995-Ohio-119, 653 N.E.2d 235…………………………...……..21

*Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843
  (6th Cir. 2012)……………………………………………..………..10

*Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 1993-Ohio-122,
  614 N.E.2d 748……………………………………………….………20

*Rondigo, L.L.C. v. Twp. Of Richmond*, 641 F.3d 673 (6th Cir. 2011)……………..10

*Safeco Ins. Co. of Am. V. City of White House*, 36 F.3d 540 (6th Cir. 1994)………...1

*Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546 (6th Cir. 2008)……………….…..…12

*Sheldon v. Kettering Health Network*, 2015-Ohio-3268, 40 N.E.3d 661
  (2d Dist.)………………………………………………...……………25

*Smith v. Howard Johnson Co., Inc.*, (1993), 67 Ohio St.3d 28,
  615 N.E.2d 1037…………………………………………………..14, 15

*Swanigan v. FCA US LLC*, 938 F.3d 779 (6th Cir. 2019)…………………12, 24, 26

*Taft Broad Co. v. United States*, 929 F.2d 240 (6ᵗʰ Cir. 1991)………………..……..12

*Thomas v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 85276,
    2005-Ohio-4564, 2005 Ohio App. LEXIS 4162………………….......……16, 17

*Thomas v. Univ. of Tenn. Health Sci. Ctr.*, 2017 U.S. App. LEXIS 24714,
    (6th Cir. Dec. 6, 2017)………………….…………………….…………...24

*United States v. Woodley*, E.D.Mich. No. 15-cr-20007,
    2016 U.S. Dist. LEXIS 51281 (Apr. 18, 2016)…………………….……...30

*Wheatley v. Marietta College,* 2016-Ohio-949, 48 N.E.3d 587 (4th Dist.)……...…28

*White v. Ford Motor Co.*, 142 Ohio App.3d 384,
    755 N.E.2d 954 (10th Dist. 2001)………………………………14, 15, 16

*Windsor Realty & Mgt., Inc. v. Northeast Ohio Regional Sewer Dist.*,
    2016-Ohio-4865, 68 N.E.3d 327 (8ᵗʰ Dist.)..…………….…………………28

## STATUTES

O.R.C. §2305.16……………………………………………….…………….21

O.R.C. §2305.19(A)……………………………………………………...……5, 21

O.R.C. §2305.113(A)…………………………………………..…………21

O.R.C. §2913.40(D)……………………………………………...18, 19, 26, 27

O.R.C. §4731.22(B)(18)……………………………………………..19

45 C.F.R. §164.402……………………………………………………25

42 C.F.R. §482.24(b)……………………………………………………26, 27

## OTHER AUTHORITIES

AMA Code of Ethics Opinion 3.3.1…………………….…………….18, 19, 20, 26

Fed.R.Civ.Pro. 12(b)(6)……………………………….......................1, 9, 10

Fed.R.Civ.Pro. 23(a), (b)(2) and (b)(3)…………………………………..…7

Fed.R.Civ.Pro. 37………………………………………………...………29, 30

Fed.R.Civ.Pro. 54(b)…………………………………………………1, 8, 12

O.A.C. §3701-83-11…………………………………………….…..…18, 19, 27

Ohio Civ.R. 37…………………………………………………...……28, 30

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

In accordance with the provisions of Fed. R. App. 34 and 6 Cir. R. 34(c), an Oral Argument is requested in this appeal for the reason that it involves a question that has not been clearly addressed by any opinion of this Court, namely, whether the State of Ohio recognizes the cause of action for negligence destruction of medical records.

# STATEMENT OF JURISDICTION

The District Court has diversity jurisdiction over this dispute pursuant to 28 U.S.C. §1332 because Plaintiff/Appellant Jahmir Frank is a citizen of the state of Florida, Defendant/Appellee, Good Samaritan Hospital is an Ohio professional corporation with its principal place of business in Ohio, and the amount in controversy exceeds the jurisdictional requirement of 28 U.S.C. §1332. [Complaint ¶¶2 – 4, 11, R. 1, Page ID# 2 – 3, 5]. *Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 544 (6th Cir. 1994). On December 9, 2019, the District Court entered its Order granting Appellee's Motion to Dismiss the third cause of action asserted by the Plaintiff/Appellant in his "Class Action Allegations and Jury Demand Endorsed Hereon" ("Complaint") pursuant to Fed.R.Civ.Pro. 12(b)(6). ["Dismissal Order" – RE 52, Page ID# 922 – 930]. On December 17, 2019, the District Court entered its Order Directing Entry of a Final Judgment pursuant to Fed.R.Civ.Pro. 54(b) ["Final Judgment Order" – RE 53, Page ID# 931 – 935] granting the oral motion of Plaintiff/Appellant to direct the entry of a final judgment as to the dismissed cause of action, conferring appellate jurisdiction with this Court. *NCUA Bd. v. Jurcevic*, 867 F.3d 616, 623 (6th Cir. 2017); *Gen. Acquisition v. Gencorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir.1994). Plaintiff/Appellant timely filed his Notice of Appeal on December 23, 2019. [RE 56].

## STATEMENT OF ISSUES

1.  Whether the State of Ohio recognizes a cause of action for negligent destruction of medical records.

## STATEMENT OF THE CASE

Appellant, Jahmir Frank ("Frank" or "Appellant") was born at Good Samaritan Hospital ("Good Samaritan" or "Appellee") on July 30, 1998. [Complaint ¶1, RE 1, Page ID# 2]. On June 1, 2008, Good Samaritan, via its operating company, TriHealth, Inc. entered into a contract with Cintas Corporation No. 2 ("Cintas") for managing the retention and timely destruction of medical records for the hospital. [Complaint ¶¶ 36 – 37, RE 1, Page ID# 9; *See, also*, Exh. A to Defendants' Motion to Dismiss or Alternatively, for Summary Judgment – "Motion to Dismiss," Excerpt from Cintas Contract, RE 17-1, Page ID# 153]. Unbeknownst to Good Samaritan, the "mom and baby charts" for deliveries during 1997 to 1999 (including records of Frank's July 1998 birth) were inadvertently destroyed by Cintas in April of 2010 – almost 12 years *after* Frank was born. [Complaint ¶42, RE 1, Page ID# 12; *See, also*, Exh. B to Motion to Dismiss, April 24, 2012 Letter, RE 17-2, Page ID# 155]. Four (4) years after the patient records were mistakenly destroyed, Frank's stepmother made her first request for Plaintiff's medical records on October 29, 2014. [Complaint ¶1, RE 1, Page ID# 2; *See, also*, Exh. A to Plaintiff's Response to May 10, 2019 Order – "Plaintiff's Response," Affidavit of Denise R. Crawford ¶7, RE 41-1, Page ID# 744].

Frank initially filed his two count Complaint in the Hamilton County (Ohio) Court of Common Pleas on August 12, 2016 alleging claims for medical negligence

and "respondeat superior" against The Good Samaritan Hospital Foundation and Good Samaritan (the "State Court Action").  [Complaint ¶1, RE 1, Page ID# 2; *See, also*, Exh. C to Motion to Dismiss, Hamilton County Common Pleas Court Complaint, RE 17-3, Page ID# 156].  Despite not having access to his medical records at birth, Frank alleges that he suffers from periventricular leukomalacia due to trauma *in utero* during a delivery caused by the acts and omissions of Appellee's physicians and nurses.  [*Id.*]  In the State Court Action, Frank's counsel was notified by letter dated January 25, 2017, that in April 2010, Cintas "inadvertently and unintentionally destroyed the mom and baby charts from this delivery."  [Complaint ¶1, RE 1, Page ID# 2]

On November 3, 2017, Frank filed an Amended Complaint in the State Court Action in which he added a claim for "spoliation of evidence."  [Exh. D to Motion to Dismiss, Amended Complaint ¶¶30 – 36, RE 17-4, Page ID# 172 – 173].  This claim was dismissed by partial summary judgment on May 16, 2018, in which the Common Pleas Court found that Frank failed to provide any evidence that Good Samaritan "willfully destroyed documents" or that it "had any knowledge of pending or probable litigation."  [Exh. E to Motion to Dismiss, Entry Granting Defendant's Partial Motion for Summary Judgment, RE 17-5, Page ID# 175 - 176].  Despite the passage of nearly two (2) years, during which time Frank was provided an opportunity to conduct extensive discovery, the remainder of Frank's claims were

eventually dismissed in the State Court Action by grant of summary judgment. The dismissal was due to Frank's failure to file an Affidavit of Merit by an expert attesting that the applicable standard of care has been breached as required under Ohio Rule of Civil Procedure 10(D)(2). However, before the State Court could journalize its ruling on summary judgment in favor of Defendants on the underlying malpractice claims, Frank filed a Notice of Voluntary Dismissal pursuant to Ohio Civ. R. 41(A) on June 8, 2018 in the State Court Action. [Complaint ¶1, RE 1, Page ID# 2; *See, also*, Exh. G to Motion to Dismiss, Notice of Voluntary Dismissal, RE 17-7, Page ID# 248].

Frank then re-filed the medical malpractice claim by filing his Complaint (titled: "Class Action Allegations and Jury Demand Endorsed Hereon") in the United States District Court for the Southern District of Ohio on August 31, 2018 [RE 1, Page ID# 1] pursuant to O.R.C. §2305.19(A) (the "Ohio Savings Statute") which allows a plaintiff to refile a new action within a year of dismissal for failure to file the Affidavit of Merit under Ohio Rule 10(D). *Straquadine v. Crowne Pointe Care Ctr.*, 10th Dist. Franklin Nos. 10AP-607, 11AP-785, 2012-Ohio-1152, ¶8.

Frank's Complaint asserted three causes of action: (1) Medical Malpractice, [Complaint ¶20 – 28, RE 1, Page ID# 6 – 8], (2) Respondeat Superior [Complaint ¶29 – 34, RE 1, Page ID# 8 – 9] and (3) "Negligence" in the accidental destruction of Frank's medical records [Complaint ¶35 – 52, RE 1, Page ID# 9 – 14]. Good

5

Samaritan filed its Motion to Dismiss on October 3, 2018, in which it sought dismissal of the Complaint on the basis that Frank could not establish diversity jurisdiction (as Frank previously testified that he was a resident of Ohio [RE 17-8, Page ID# 257]) and, alternatively, dismissal of the third cause of action for "Negligence" because: (a) there is no cause of action in Ohio for negligent destruction of medical records, and (b) the statute of limitations expired. [Motion to Dismiss, RE 17, Page ID# 137 - 152].

Frank filed his Opposition to the Motion to Dismiss ("Opposition") on December 24, 2018 in which he addressed *only* the challenge to jurisdiction and the statute of limitations. [RE 28, Page ID# 606 – 611]. Notably, Frank did not respond in any way to the substantive argument that there is no cause of action in Ohio for negligent destruction of medical records. [*Id.*] On January 7, 2019, Good Samaritan filed its Reply in Support of its Motion to Dismiss or Alternatively for Partial Summary Judgment ("Reply") in which Good Samaritan noted that that: "In Plaintiff's Memorandum in Opposition to the Motion to Dismiss, Plaintiff does not provide any case law or additional evidence that supports negligent destruction of records as a cause of action." [Reply, RE 29, Page ID# 619].

On March 27, 2019, Frank filed his Supplemental Opposition to the Motion of Defendant The Good Samaritan Hospital Foundation of Cincinnati, Inc. to Dismiss ("Supplemental Opposition" – RE 34, Page ID# 706 – 707), which

addressed <u>only</u> the jurisdictional challenge by offering a copy of Frank's Florida Lerner's License [RE 34, Page ID# 709] as evidence that Frank was a resident of Florida. However, Frank again failed to offer any argument in opposition to Appellee's Motion to Dismiss the third cause of action for "negligence" in the unintentional destruction of medical records by Cintas. On May 10, 2019, the District Court entered an Order partially denying the Motion to Dismiss "to the extent it seeks dismissal based on lack of subject matter jurisdiction" and expressly reserving a ruling on the remainder of the Motion to Dismiss. [Order, RE 40, Page ID# 734, 736].

Frank filed his Corrected Motion for Class Certification on December 3, 2019 on behalf of a putative class consisting of "all persons who delivered or were delivered at Good Samaritan Hospital between the periods of January 1, 1997 through December 31, 1999" and sought class treatment pursuant to Fed.R.Civ.Pro. 23(a), (b)(2) and (b)(3) alleging common questions of law regarding whether Good Samaritan had a non-delegable duty to retain mom and baby records for 21 years, and to notify patients of the premature destruction of the records. [RE 47, Page ID# 845 – 846].

On December 9, 2019, the District Court entered its Order granting the Motion to Dismiss the third cause of action ("Dismissal Order"). [RE 52, Page ID# 922 – 930]. In the Dismissal Order, the District Court noted that:

Plaintiff's third cause of action specifically alleges *negligent* destruction of medical records, which is fatal to Plaintiff proceeding further. Ohio clearly recognizes the tort of spoliation of evidence, which, as an essential element, requires proof of *intent*….

In the state court litigation, Defendants specifically moved for summary judgment on the spoliation of evidence claim added by Plaintiff in his amended complaint. That same claim was not included in the class action complaint before this Court, though. Rather, *all* references are to the Hospital's – or third party Cintas' – *negligence*. Yet negligence, like the "carelessness" alleged in *McGuire*, is patently 'insufficient to establish willfulness.'

Plaintiff's memorandum in opposition is silent on whether Ohio recognizes a tort of negligent destruction of medical records. But in addressing the statute of limitations argument raised by the Hospital, Plaintiff urges the Court to apply what he labels the 'general negligence statute of limitation'

[Order, RE 52, Page ID# 928 – 929]. (Emphasis in original. Internal citations omitted.) Accordingly, the District Court properly held that "Plaintiff's third cause of action is negligence-based and, as such, warrants dismissal." [*Id*. at Page ID# 929]. The next day, December 10, 2019, at a status conference in which Frank conceded that his class allegations were supported solely by the dismissed third cause of action, the District Court *sua sponte* denied the Corrected Motion for Class Certification. [Final Judgment Order, RE 53, Page ID# 932]. The District Court further granted Frank's oral motion that the court direct entry of a final judgment as to his third cause of action pursuant to Fed.R.Civ.Pro. 54(b). [Final Judgment Order RE 53, Page ID# 932 – 935].

8

## SUMMARY OF THE ARGUMENT

In this interlocutory appeal, Appellant Frank seeks reversal of an Order dismissing his third cause of action for negligent destruction of medical records without citation to a single case recognizing that such a tort exists under Ohio law. Indeed, no legal authority of any kind exists in Ohio for the proposition that a hospital may be liable in tort when patient medical records are unintentionally destroyed twelve (12) years after treatment. While Ohio law does recognize a tort based on *intentional* spoliation of evidence, Frank's Complaint alleging mere *negligent* destruction of medical records – by an unrelated third party nonetheless – warrants dismissal for failure to state a claim under Fed.R.Civ.Pro. 12(b)(6) because Ohio does not recognize such an action. Frank's unwillingness to offer a single argument in support of his claim for negligent destruction of medical records in response to Good Samaritan's Motion to Dismiss was not only a telling acknowledgment that the third cause of action is wholly unsupported by applicable law, but is also fatal to this appeal.

Despite Frank's protestations to the contrary, there is no legal duty to retain medical records for 21 years under Ohio law. Since Ohio does not recognize a tort for negligent destruction of medical records, the District Court's Order dismissing Frank's third cause of action should be affirmed.

## ARGUMENT

The standard of review of an order granting a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) is *de novo*. *Mediacom Southeast LLC v. BellSouth Telcoms., Inc.*, 672 F.3d 396, 398 (6th Cir. 2012). A cause of action cannot survive a motion to dismiss for failure to state a claim for relief under Fed.R.Civ.Pro. 12(b)(6) unless the complaint contains "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005). This Court has stated that in its review of a motion to dismiss, "we must accept non-conclusory allegations of fact in the complaint as true and determine if the plaintiff has stated a plausible claim for relief." *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 846 (6th Cir. 2012).

Virtually all of the operative facts related to the dismissed cause of action are pled in Frank's Complaint and not disputed by Frank. Those facts related to the State Court Action were properly considered by the District Court in connection with a Motion to Dismiss under Fed.R.Civ.Pro. 12(b)(6) as public records because they were referenced in the Complaint, and "central to the claims contained" in the Complaint. [RE 52, Page ID# 925]. *Rondigo, L.L.C. v. Twp. Of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011), *citing Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Because the District Court exercised diversity jurisdiction over this matter, the Court

must apply the substantive law of the forum state, Ohio. *Jandro v. Ohio Edison Co.*, 167 F.3d 309, 313 (6th Cir.1999) citing *Mair v. C & O R.R..,* 851 F.2d 829, 832 (6th Cir. 1988) and *Erie R.R. v. Tompkins,* 304 U.S. 64, 82 L. Ed. 1188, 58 S. Ct. 817 (1938). As discussed in detail below, Frank has not stated a plausible claim for relief in his third cause of action for negligent destruction of medical records because no such tort exists under Ohio law.

I.    **Appellant waived his right to appeal dismissal of Count Three of the Complaint by failing to make any argument in the Trial Court in response to the Motion to Dismiss.**

In his Opposition to the Motion to Dismiss [RE 28] and Supplemental Opposition to the Motion to Dismiss [RE 34], Frank did not advance *any* arguments in support of his newly minted cause of action for negligent destruction of medical records. Not only did Frank fail to cite to a single case, statute or regulation recognizing a tort for negligent destruction of medical records (because no such authority exists under Ohio law), Frank did not bother to offer even token resistance to the Motion to Dismiss the third cause of action. In the Sixth Circuit, issues which are not asserted by the Appellant in the District Court, but are raised for the first time on appeal "are not properly before the court." *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir. 1993) (internal citation omitted). Absent exceptional cases or particular circumstances not present in the instant appeal, arguments that are not raised in

11

response to dispositive motions are forfeited on appeal. *Id. Swanigan v. FCA US LLC*, 938 F.3d 779, 786-787 (6th Cir. 2019).

There are a few policy reasons for this rule. First, appellate review is eased "by having the district court first consider the matter." *Foster*, 6 F.3d at 409. Second, the rule ensures fairness to litigants by preventing surprise issues from appearing on appeal. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008). Third, this Court has stated that it will not review arguments not presented to the district court "In the interests of judicial economy and the finality of judgments." *Taft Broad Co. v. United States*, 929 F.2d 240, 244 (6th Cir. 1991). It bears noting that the Dismissal Order was certified for appeal pursuant to Fed.R.Civ.Pro. 54(b) at Frank's request. The overriding policy reasons requiring Frank to first bring his arguments at the District Court should not be upended simply to accommodate Frank's request to proceed apace with his appeal when judicial economy would be best served by raising these arguments in briefing the Motion to Dismiss.

In two separate responses to the Motion to Dismiss, Frank neglected to respond in any fashion to the substantive issues at the heart of his purported claim for negligent destruction of medical records. To be sure, Good Samaritan does not seek affirmance on a mere technicality. Application of the rule in these circumstances will not impose a hardship on Frank as there exists no case law in

which an Ohio court has recognized a cause of action for the negligent destruction of medical records. Frank's failure to advance any argument below in his Opposition and Supplemental Opposition to the Motion to Dismiss constitutes a forfeiture of these arguments on appeal.

## II.    Ohio does not recognize the tort of negligent destruction of medical records.

Frank's third cause of action in his Complaint titled "Negligence" specifically alleges that in 2010, Good Samaritan's third party contractor, Cintas, negligently destroyed medical records relative to births occurring from 1997 through 1999. [Complaint ¶¶ 1, 36 – 37, 42, RE 1, Page ID# 2, 9, 12].  Importantly, Frank does not allege that Good Samaritan *intentionally* destroyed his (or any other) medical records.  In the face of controlling case law holding that Ohio does not recognize a tort for negligent destruction of medical records, Frank littered his Complaint with references to a "nondelegable" or "ethical" duty to retain medical records for 21 years, which Frank contends was violated when Good Samaritan failed to retain birth records for the required 21-year period, failed to instruct Cintas to separate the mom and baby records from other patient records and failed to notify patients when the records were destroyed.  [Complaint ¶38, 46 – 52, RE 1, Page ID# 9, 13 – 15]. Amazingly, the (Corrected) Appellant Brief does not mention, even in passing, a "nondelegable" or "ethical" duty to preserve medical records for 21 years as alleged in the Complaint.  There is no legal authority requiring Good Samaritan to retain

13

medical records for 21 years. In his Appellant Brief, Frank fails to cite a single case for the proposition that the negligent destruction of medical records is an actionable tort under Ohio law because no such case law exists; instead, Frank's Brief meanders through a veritable cornucopia of inconsequential regulations and websites. Frank's attempted sleight of hand cannot overcome the fact that there is no cause of action for negligent spoliation under Ohio law.

   A. <u>Under Ohio law, negligent destruction of medical records does not give rise to an actionable tort for spoliation</u>.

The District Court properly dismissed Frank's third cause of action for negligent destruction of medical records, as no such cause of action exists in the State of Ohio. *White v. Ford Motor Co.*, 142 Ohio App.3d 384, 387, 755 N.E.2d 954 (10th Dist. 2001). While Ohio does recognize a cause of action in tort for interference with or destruction of evidence – spoliation – a plaintiff must prove the following elements to maintain a claim for spoliation:

1.   Pending or probable litigation involving the plaintiff;

2.   Knowledge on the part of defendant that litigation exists or is probable;

3.   Willful destruction of evidence by the defendant designed to disrupt plaintiffs case;

4.   Disruption of plaintiff's case; and

5.   Damages proximately caused by the defendant's acts.

*Smith v. Howard Johnson Co., Inc.*, (1993), 67 Ohio St.3d 28, 29, 615 N.E.2d 1037.

In *Howard Johnson*, the United States District Court for the Southern District of Ohio certified to the Ohio Supreme Court the question of whether Ohio recognizes "a claim for intentional or negligent spoliation of evidence and/or tortious interference with prospective litigation." *Id*. In answering the certified questions, the Ohio Supreme Court outlined the five elements for intentional spoliation (set forth above) and *did not* state elements for negligent spoliation or otherwise answer the certified question in the affirmative as to negligent spoliation. Accordingly, Ohio Courts have uniformly recognized that the high court's silence in this regard as a rejection of tort liability for negligent destruction of evidence. *White*, 142 Ohio App.3d at 387; *Drawl v. Cornicelli*, 124 Ohio App.3d 562, 567, 706 N.E.2d 849 (11th Dist. 1997). *See, also*, *Actionlink, LLC v. Sorgenfrei*, No. 5:08CV2565, 2010 U.S. Dist. LEXIS 6703, at *12 (N.D.Ohio Jan. 27, 2010).

Ohio's Supreme Court has declined to expand its holding in *Howard Johnson* beyond intentional spoliation, and in its most recent consideration of spoliation noted the national trend against recognizing a cause of action for intentional spoliation of evidence. *Elliott-Thomas v. Smith*, 154 Ohio St.3d 11, 2018-Ohio-1783, ¶15. Accordingly, spoliation claims necessarily entail proof of intentional and wrong acts (i.e. with a "bad motive or purpose"), not mere negligence. *White*, 142 Ohio App.3d at 387 ("In a spoliation case, 'willful' reflects an intentional and wrongful

15

commission of the act."). There is no cause of action under Ohio law for negligent spoliation of evidence. *Id., Drawl,* 124 Ohio App.3d at 567.

Claims involving missing, altered or destroyed medical records are uniformly treated by Ohio courts as spoliation claims for which proof of the five *Howard Johnson* elements are required for recovery. *See, e.g., Monroe v. Forum Health*, 11th Dist. Trumbull No. 2012-T-0026, 2012-Ohio-6133, ¶ 51; *Gialousis v. Eye Care Assocs.*, 7th Dist. Mahoning No. 05 MA 163, 2007-Ohio-1120, ¶95; *McLeod v. Mt. Sinai Med. Ctr.*, 166 Ohio App.3d 647, 2006-Ohio-2206, 852 N.E.2d 1235, ¶54 (8th Dist.) ("The spoliation claim alleged misconduct regarding certain missing medical records."); *Thomas v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 85276, 2005-Ohio-4564, 2005 Ohio App. LEXIS 4162, at *5; *Keen v. Hardin Mem. Hosp.*, 3d Dist. Hardin No. 6-03-08, 2003-Ohio-6707, ¶10. *See, also, Galloway v. Swanson*, Civil Action No. 5:09CV02834, 2011 U.S. Dist. LEXIS 133732, at *20 (N.D.Ohio Nov. 18, 2011). Similarly, in *Moskovitz v. Mt. Sinai Med. Ctr.*, 69 Ohio St.3d 638, 651 - 653, 1994-Ohio-324, 635 N.E.2d 331, the Ohio Supreme Court held that "An *intentional* alteration, falsification or destruction of medical records by a doctor, to avoid liability for his or her medical negligence, is sufficient to show actual malice" to support an award of punitive damages. (Emphasis added.)

As with any other spoliation claim, Frank must demonstrate that Good Samaritan "willfully destroyed evidence in an effort to disrupt the plaintiff's case."

*Keen*, 2003-Ohio-6707, ¶10.   *See, also, Gialousis*, 2007-Ohio-1120, ¶ 96; *McLeod*, 166 Ohio App.3d 647, 2006-Ohio-2206, ¶55; *Thomas*, 2005-Ohio-4564, 2005 Ohio App. LEXIS 4162, at *5.   At no point does Frank's Complaint allege that Good Samaritan knew about "pending or probable litigation involving the plaintiff," or that Good Samaritan "willfully destroyed" the records at issue with an intent "to disrupt plaintiff's case."   Instead, Frank avers in his Complaint sufficient facts establishing that Good Samaritan could not have known about pending or probable litigation.   The facts alleged in the Complaint fall far short in establishing that Frank's medical records were destroyed willfully with an intent to disrupt Frank's case.

Frank's Complaint states that the birth records at issue were destroyed in April of 2010 "due to the negligence of Defendants (sic) Good Samaritan Hospital and its contractor Cintas."   [Complaint ¶1, RE 1, Page ID# 2].   Frank was born on July 30, 1998, which means the destruction of the records pertaining to his birth occurred 12 years after the delivery, and 4 years *before* Frank's parents made their first request for copies.   [*Id.*].   Given the length of time between Frank's birth and the admitted "negligent" destruction of the mom and baby charts by Cintas twelve (12) years later, Frank cannot demonstrate that the records were willfully destroyed in an effort to "disrupt the plaintiff's case."   *McLeod*, 166 Ohio App.3d 647, 2006-Ohio-2206, ¶55. Further, the fact that the records were destroyed four (4) years before Good

Samaritan could have been placed on any notice of potential litigation mitigates against any notion that the records were destroyed with the intention to disrupt Frank's case. The admitted negligent destruction of Frank's medical records does not give rise to an actionable spoliation claim under Ohio law. As such, dismissal of the third cause of action by the District Court was warranted.

      B. <u>There is no legal duty under Ohio law to retain medical records for 21 years</u>.

Frank attempts to manufacture a cause of action out of whole cloth by asserting that Good Samaritan negligently destroyed his medical records, and thousands of others, in violation of an American Medical Association ("AMA") Code of Ethics Opinion 3.3.1, the American Health Information Management Association ("AHIMA") Code of Ethics and Ohio statutes. However, there is no Ohio statute, or AMA or AHIMA Code of Ethics that requires a medical provider to retain medical records until the statute of limitations applicable to medical malpractice or general negligence actions has expired. Appellant's Brief does cite to the lone Ohio statute and single administrative regulation, which provide a specific retention period for medical records. [*See*, Appellant Brief pp. 16, 21]. Specifically, O.R.C. §2913.40(D) requires records for Medicaid patients to be retained for at least six (6) years after reimbursement for the claim has been received by the physician. Similarly, O.A.C. §3701-83-11 requires licensed health care facilities to maintain medical records for at least six (6) years from the date of

discharge.  Neither O.R.C. §2913.40(D) nor O.A.C. §3701-83-11 use a different record retention period for minors.  No other Ohio statute or regulation sets a retention period for medical records.

As the records at issue in this case were inadvertently destroyed in April of 2010 (nearly 12 years after the delivery and discharge of Frank from Good Samaritan and 6 years beyond the prescribed time periods in O.R.C. §2913.40(D) and O.A.C. §3701-83-11), Good Samaritan has clearly complied with all applicable Ohio statutes and administrative regulations pertaining to medical records and retention. Nevertheless, Frank attempts to bootstrap an AMA Code of Ethics Opinion onto O.R.C. §4731.22(B)(18) and argues that this combination creates a legal obligation to retain birth records for 21 years.  [Complaint¶39, 46, RE 1, Page ID# 9, 10, 13]. This argument, however, is inaccurate.  O.R.C. §4731.22(B)(18) states, in pertinent part, as follows:

> (B)    The [Ohio state medical] board, by an affirmative vote of no fewer than six members, shall, to the extent permitted by law, limit, revoke or suspend a license or certificate of practice or certificate to recommend, refuse to issue a license or certificate, refuse to renew a license or certificate, refuse to reinstate a license or certificate, or reprimand or place on probation the holder of a license or certificate for one or more of the following reasons:

> (18)   Subject to §4731.226 of the revised code, violation of any provision of a code of ethics of the American Medical Association, the American Osteopathic Association, the American Podiatric Medical Association, or any other national professional organizations that the board specifies by rule.

19

In other words, the aforementioned statute entitles the Ohio State Medical Board to take certain actions against a health care provider for failure to adhere to the AMA Code of Ethics. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 623, 1993-Ohio-122, 614 N.E.2d 748. It merely grants the Medical Board authority to consider compliance with certain codes of ethics by health care providers for purposes of licensing, certification and, in some instances, disciplinary matters. It does not create a cause of action that entitles a private party to an award of damages in a court of law for failure to adhere to the AMA Code of Ethics.

Moreover, Frank's attempt to bring in AMA Code of Ethics *opinion* 3.3.1 through O.R.C. §4731.22(B)(18) is inappropriate in any circumstance as this is an *opinion* issued by the AMA, not a Code of Ethics. Further, Opinion 3.3.1 does not require or even recommend that medical records be maintained for any specific time period, much less 21 years. The aforementioned AMA opinion, as noted in Frank's Complaint at ¶40 (and Appellant's Brief), states that physicians should "use medical considerations to determine how long to keep records" and make those records available "as requested or authorized by the patient." [Complaint, RE 1, Page ID# 10; Appellant's Brief pp. 9 – 10]. Nowhere does the AMA opinion state that record retention should be tied to the statute of limitations for medical malpractice. Instead, the opinion ties record retention solely by "medical considerations," not legal considerations. Frank offers no authority for the proposition that "medical

considerations" encompass the preservation of records for purposes of potential medical malpractice claims.

Frank's Complaint, at ¶46, claims that this recommendation "creates a duty on the physicians in Ohio to keep birth records at least one year following the statute of limitations for the filing of a medical malpractice action and then an additional period to provide for the one time voluntary dismissal and refiling of a malpractice action permitted under Ohio law." Frank's argument is clouded when one tries to extrapolate the 21-year figure advanced by Frank using the statute of limitations referenced by Frank. While the one (1) year statute of limitations for medical claims does not begin to run until a minor has reached the age of 18 (O.R.C. §§2305.113(A), 2305.16), the Ohio Saving Statute (O.R.C. §2305.19(A)) allows a plaintiff to dismiss an action and refile within a year – assuming of course that an action is timely filed before the 19th birthday as the Ohio Saving Statute is not to be used as a method for tolling statutes of limitations. *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.*, 73 Ohio St.3d 391, 397, 1995-Ohio-119, 653 N.E.2d 235. Even if there was a statute that required Ohio medical providers to maintain birth records coterminous with the statute of limitations for medical malpractice actions, which there is not, the District Court properly noted that the limitation period would expire at some indeterminate time in the future as an action can pend for several years before dismissal and refiling under the Ohio Savings Statute. [*See*, Dismissal Order, p. 6, n. 5, RE 52, Page ID#

927].  Regardless, Frank's arbitrary figure is immaterial to this analysis since there is no authority suggesting that records must be maintained until the exhaustion of the statute of limitations, and Frank's Brief offers no analysis or authority for the proposition that that a hospital is required to maintain records until the expiration of the statute of limitations.

Frank's invented legal theory runs afoul of settled law on the tort of spoliation. Assuming, *arguendo*, that Good Samaritan failed to follow a standard of practice in its dealings with Cintas or even its own internal policies, leading to the unintentional destruction of medical records, the willfulness requirement for a spoliation claim under Ohio law "necessarily requires more than mere negligence or failure to conform to standards of practice." *Miller v. Target Corp.*, No. 3:13-cv-216, 2014 U.S. Dist. LEXIS 155458, at *11 (S.D.Ohio Nov. 3, 2014) (Court held that plaintiff did not satisfy willful element of spoliation claim with proof that Target employees simply failed to adhere to store policies to preserve surveillance video.), *citing Drawl*, 124 Ohio App. 3d at 567.  Good Samaritan's purported failure to comply with a policy to preserve patient medical records for a certain period of time (which in this case is no more than six (6) years) when its third-party contractor, Cintas, unintentionally destroyed mom and baby charts with other medical records twelve years after Frank's birth does not constitute an actionable spoliation claim because "[c]arelessness… is insufficient to establish willfulness." *Miller*, 2014 U.S. Dist.

LEXIS 155458, at *12 *citing McGuire v. Draper, Hollenbaugh & Briscoe Co., L.P.A.*, 4th Dist. Highland No. 01CA21, 2002-Ohio-6170, ¶ 77.

For the same reasons, Frank can find no solace through the opinions of the AHIMA, which Frank has never before argued or referenced in the District Court. The cited AHIMA "Code of Ethics" does not contain a specific record retention recommendation of any sort. There is no reference in the AHIMA Code of Ethics that gives any instruction as to how long medical records are to be retained by a health care provider, nor do they reference a specific statute of limitations. The AMA and AHIMA Code of Ethics simply do not create a cause of action for negligent destruction of medical records.

C.  Appellant's reliance on the Joint Commission IM Standards and on a purported breach of HIPAA is inapplicable to this appeal.

Appellant's Corrected Brief at pg. 15 references the "Joint Commission IM (Information Management) standards," but there is no reference to the actual source for these purported standards. It is assumed that Frank referenced "The Joint Commission" which is an accrediting organization that provides guidelines and standard on human resources policies and practices and voluntary accreditation for hospitals" (*DeCecco v. UPMC*, 3 F. Supp. 3d 337, 345 (W.D. Pa. 2014)) hardly a recognizable authority of a legal obligation to retain medical records for 21 years. Frank also argues in his Brief that "a review of HIPAA breach notification rule requirement reveal that covered entities and their business associations are required

to provide notification to the individuals in the event of a breach of their unprotected health information." [*Id.*] Frank's reliance on the "Joint Commission IM standards," the Health Insurance Portability and Accountability Act of 1996 (42 U.S.C. §1320d, *et seq.* - "HIPAA") and the 2009 amendments to HIPAA, as part of the Health Information Technology for Economic and Clinical Health Act (42 U.S.C. §17939 – "HITECH") as a basis for recovery for the unintentional destruction of Frank's medical records is misplaced.

Neither the Joint Commission IM standards nor breach of HIPAA were presented, cited or argued in the District Court in opposition to the Motion to Dismiss and are therefore forfeited on appeal. *Swanigan*, 938 F.3d at 787. Even if Frank's theories under the Joint Commission IM standard or HIPAA were somehow preserved at the district court level, neither one applies. First, Frank lacks standing to assert a cause of action based on a purported violation of HIPAA and HITECH, as there is no private cause of action within the statutory and regulatory framework of HIPAA. *Faber v. Ciox Health, LLC*, 944 F.3d 593, 596 (6th Cir. 2019). *See, also, Thomas v. Univ. of Tenn. Health Sci. Ctr.*, 2017 U.S. App. LEXIS 24714, at *4 (6th Cir. Dec. 6, 2017) ("[A]lthough we have not held explicitly that there is no private right of action under HIPAA, express or implied, other circuits have so held. Instead, HIPAA provides for penalties to be imposed by the Secretary of the Department of Health and Human Services ("DHHS"). . . . [and,] the proper avenue for redress is

to file a complaint with the DHHS."), *Christensen v. United States*, No. 5: 11-321-KKC, 2013 U.S. Dist. LEXIS 120599, at *36 (E.D.Ky. Aug. 26, 2013). Similarly, under Ohio law HIPAA cannot be used as a standard of care for purported claims of negligence as "utilization of HIPAA as an ordinary negligence 'standard of care' is tantamount to authorizing a prohibited private right of action for violation of HIPAA itself." *Sheldon v. Kettering Health Network*, 2015-Ohio-3268, 40 N.E.3d 661, ¶24 (2d Dist.). *See, also*, *Holley v. A&E TV Networks, LLC*, No. 3:18-cv-00312, 2018 U.S. Dist. LEXIS 207529, at *4 (S.D.Ohio Dec. 10, 2018).

Second, Frank cites no authority that imposes a legal obligation on a healthcare facility to provide notice to persons whose records have been unintentionally destroyed. Neither the Joint Commission IM standard, nor HIPAA provide for such a procedure. The cited authority deals instead with a "breach," which HIPAA defines, as "the acquisition, access, use, or disclosure of protected health information in a manner not permitted… which compromises the security or privacy of the protected health information." 45 C.F.R. §164.402. In this case, Frank does not aver in his Complaint that there was an "acquisition, access, use or disclosure" of his medical records. Rather, the only allegations involve negligent destruction of Frank's medical records. Thus, neither the Joint Commission IM standards nor HIPAA are applicable or supportive of Frank's claims.

D. The CMS Medicare Conditions of Participation Standards and O.R.C. §2913.40(D) expressly provide for a five and six year record retention period, not 21 years as advocated by Appellant.

As with the HIPAA and Joint Commission arguments, Frank never raised the CMS Medicare Conditions of Participation record retention requirement as a theory or argument in support of his cause of action at the district court level, and it is therefore waived on appeal. *Swanigan*, 938 F.3d at 787. Regardless, the cited authority for the CMS Medicare Conditions of Participation (42 C.F.R. §482.24(b)) provides only for a five-year record retention period, not 21 years or some period of time coterminous with the expiration of the statute of limitations for medical malpractice. Frank does acknowledge that O.R.C. § 2913.40(D) provides that Medicare records be maintained for six years, but then Frank claims that "the statute of limitations for the retention of medical records for minors does not begin until a minor has reached his or her 18th birthday…." [Appellant's Brief p. 16]. The only citation for this deviation from clear statutory authority is to the AMCNO fact sheet. [*Id*.]

However, the fact sheet begins by acknowledging that "medical considerations remain the key basis for deciding how long to retain medical records…." This is echoed in Section 3.3.1(b) of the AMA Code of Ethics opinion, cited by Frank in paragraph 40 of the Complaint, that the provider should "use medical considerations to determine how long to keep medical records." [RE 1,

Page ID# 10]. Frank cites no legal or scientific authority for conflating medical considerations with the statute of limitations for medical malpractice. The District Court below noted that 21 years is not an accurate number in any event because the Ohio Savings Statute extends the limitations period for a plaintiff who has filed a new action following a previous action which "fails otherwise than on the merits," and in theory the first filed action case could go on for several years before it is dismissed. *See*, Dismissal Order, p. 6, n. 5 [RE 52, Page ID# 927]. The AMCNO fact sheet further expressly states, "most states, including Ohio, do not have specific laws mandating the minimum record retention period for patient medical records." (This is incorrect, as O.A.C. § 3701-83-11 has a six-year record retention requirement - although it is an administrative regulation not a statute.) As such, neither the five (5) year period in 42 C.F.R. §482.24(b) nor the six (6) year record retention period in O.R.C. § 2913.40(D) provide a basis for reversal of the Dismissal Order.

### III.   Appellant is not appealing a discovery sanction, and Appellant cannot turn a discovery matter into a cause of action under Ohio law.

Appellant Frank offers a short argument in his Brief, which starts with the observation that "the preservation and production of any all [sic], relevant evidence and should be addressed through the discovery process." [Appellant's Brief p. 17]. Frank then cites to the "thousands" of maternity records negligently destroyed, and

27

attempts to place some significance on certain amendments to Ohio's Rules of Civil Procedure that "provide for a section relating to electronic discovery which were enacted on July 1, 2008." [*Id.* at p. 18]. However, the current appeal is not based on the imposition or denial of a discovery sanction. Frank's claim for negligent destruction of medical records does not involve electronic discovery – or any discovery at all – as Cintas accidentally destroyed boxes of paper "mom and baby" charts four (4) years before Good Samaritan received the first request from Frank's mother for his birth records, and six (6) years before Frank filed the State Court Action. [Complaint ¶1, RE 1, Page ID # 2]. The Dismissal Order, which is the subject of the instant appeal, is based on the court's recognition that there is no cause of action for the *negligent* destruction of Frank's medical records. Ohio courts have not deviated from the line of cases holding that there is no cause of action for negligent spoliation of evidence even after the 2008 amendment to Ohio Civ.R. 37. *See, e.g., Windsor Realty & Mgt., Inc. v. Northeast Ohio Regional Sewer Dist.*, 2016-Ohio-4865, 68 N.E.3d 327, ¶29 (8th Dist.); *Wheatley v. Marietta College,* 2016-Ohio-949, 48 N.E.3d 587, ¶109 (4th Dist.) *appeal not accepted for review* by *Wheatley v. Marietta College*, 146 Ohio St. 3d 1428 (2016); *Marok v. Ohio State Univ.*, 10th Dist. Franklin No. 13AP-12, 2014-Ohio-1184, ¶36; *Fifth Third Bank v. Gen. Bag Corp.*, 8th Dist. Cuyahoga No. 92793, 2010-Ohio-2086, ¶42.

Even if this appeal were to invoke a discovery sanction, Ohio's Rules of Civil Procedure do not apply to a discovery issue, as federal law governs the imposition of discovery sanctions for spoliation of evidence in federal courts. *Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009). With respect to electronically stored information (as referenced by Frank), Fed.R.Civ.Pro. 37 was amended in 2015 to add a new subsection (e) which provides that the court may, in certain circumstances, grant discovery sanctions "only upon finding that the party acted with the intent to deprive another party of the information's use in litigation." Hence, the 2015 Amendments to Fed.R.Civ.Pro. 37 related to electronic records have done away with the notion that negligent or grossly negligent conduct may give rise to a discovery sanction for spoliation:

> This subdivision (Fed.R.Civ.Pro. 37(e)(2)) authorizes courts to use specified and very severe measures to address or deter failures to preserve electronically stored information, but only on finding that the party that lost the information acted with the intent to deprive another party of the information's use in the litigation….
>
> Adverse-inference instructions were developed on the premise that a party's intentional loss or destruction of evidence to prevent its use in litigation gives rise to a reasonable inference that the evidence was unfavorable to the party responsible for loss or destruction of the evidence. Negligent or even grossly negligent behavior does not logically support that inference.

*United States v. Woodley*, E.D.Mich. No. 15-cr-20007, 2016 U.S. Dist. LEXIS 51281, at *3 (Apr. 18, 2016) citing Advisory Committee Notes on 2015 Amendments to Fed.R.Civ.Pro. 37. The only electronically stored information at

issue in this case involve an electronic copy of the fetal monitor tracings from Frank's birth stored on an optical computer disc ("Optical Disc") which was not destroyed. Unfortunately, the records on the Optical Disc were irretrievable. The hospital no longer maintains the proprietary software/technology compatible with the data written on the Optical Disc and the media design from the mid-90's made file extraction impossible as the file types do not match "any known archive format, including all conversion tools currently available." [Complaint ¶1, RE 1, Page ID #2; Affidavit of Bryan Greenberg, CISSP, ¶5, RE 41-3, Page ID# 761; Letter of Allan N. Buxton, ¶¶2, 16, RE 41-5, Page ID# 765 – 7]. There simply is no authority for the proposition that Ohio Civ.R. 37 (or its federal counterpart Fed.R.Civ.Pro. 37(e)) may be used as a means to create a viable cause of action for negligent spoliation under Ohio law.

## CONCLUSION

Appellant Frank's failure to respond in any fashion to the substantive issues in the Motion to Dismiss related to the claim for negligent destruction of medical records constitutes a forfeiture of the instant appeal. Moreover, there is no cause of action under Ohio law for the negligent destruction of medical records. A colorable argument cannot be made that Ohio might adopt such a cause of action because Ohio law does not recognize negligent spoliation of evidence as a viable tort. Frank's citation to opinions of the AMA and other extraneous "guidelines" – none of which

set a duty to retain records until the statute of limitations expires for medical malpractice claims – do not rescue his deficient claim. The District Court's Dismissal Order granting the Motion to Dismiss should be affirmed.

# CERTIFICATE OF COMPLIANCE

In accordance with the provisions of Fed.R.App. 32, the undersigned certifies that this Appellant Brief complies with the type limitations of the Rule.

1. The brief contains no more than 7,265 words in its entirety.

2. The brief was prepared in 14 point Times New Roman typeface using Microsoft Word.

*s/Michael P. Foley*
Michael P. Foley

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic mail service, on the 18th day of December 2020, upon counsel of record.


*s/Michael P. Foley*
Michael P. Foley

# ADDENDUM

**DESIGNATION OF ORIGINATING COURT DOCUMENTS**

| Record Entry Number | Description | Page ID # Range |
|---|---|---|
| 1 | Complaint | 1-2,6-15 |
| 17 | Good Samaritan Motion to Dismiss | 137-152 |
| 17-1 | Exh. A to Defendants' Motion to Dismiss or Alternatively, for Summary Judgment ("Motion to Dismiss"): Excerpt from Cintas Contract | 153 |
| 17-2 | Exh. B to Motion to Dismiss: April 24, 2012 Letter | 155 |
| 17-3 | Exh. C to Motion to Dismiss: Hamilton County Common Pleas Court Complaint | 156 |
| 17-4 | Exh. D to Motion to Dismiss: Amended Complaint | 172-173 |
| 17-5 | Exh. E to Motion to Dismiss: Entry Granting Defendant's Partial Motion for Summary Judgment | 175-176 |
| 17-7 | Exh. G to Motion to Dismiss: Notice of Voluntary Dismissal | 248 |
| 17-8 | Exh. H to Motion to Dismiss: Deposition of Jahmir Frank | 257 |
| 28 | Frank Opposition to Motion to Dismiss | 606-611 |
| 29 | Good Samaritan Reply in Support of Motion to Dismiss | 619 |
| 34 | Frank Supplemental Opposition | 706-707, 709 |
| 40 | Order partially denying Motion to Dismiss | 734, 736 |
| 41-1 | Exh. A to Plaintiff's Response to May 10, 2019 Order ("Plaintiff's Response"):  Affidavit of Denise R. Crawford | 744 |
| 41-3 | Affidavit of Bryan Greenberg, CISSP | 761 |
| 41-5 | Letter of Allan N. Buxton | 765-767 |

| 47 | Corrected Motion for Class Certification | 845-846 |
|----|------------------------------------------|---------|
| 52 | Order granting Motion to Dismiss third cause of action | 922-930 |
| 53 | Final Judgment Order denying Corrected Motion for Class Certification | 932-935 |