Case No. 19-4268

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

---

## JAHMIR CHRISTOPHER FRANK,

## APPELLANT

## VS.

## GOOD SAMARITAN HOSPITAL OF CINCINNATI, LLC, et al.

## APPELLEE

---

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF OHIO
## CASE NO. 1:18-CV-00618

---

## MOTION OF APPELLEE GOOD SAMARITAN HOSPITAL OF CINCINNATI, LLC FOR SANCTIONS PURSUANT TO FED.R.APP. 38 AND 28 USC §§1912 and 1927

---

RENDIGS, FRY, KIELY & DENNIS, LLP
Michael P. Foley (0061227)
Thomas M. Evans (0033430)
Anthony G. Raluy (0099338)
600 Vine Street, Suite 2650
Cincinnati, Ohio 45202
Tele: 513 381 9200 / Fax: 513 381 9206
Email Address:   MFoley@rendigs.com;
           TME@rendigs.com;
           TRaluy@rendigs.com
*Attorneys for the Appellee Good Samaritan Hospital*

# TABLE OF CONTENTS

**TABLE OF AUTHORITIES**……………………………………………………..ii

**INTRODUCTION**……………………………………………………………...1

**PROCEDURAL HISTORY**……………………………………………………2

**ARGUMENT**…………………………………………………………………...7

**I.     Sanctions are warranted under Fed. R. App. P. 38 and 28 U.S.C. §1912**………………………………………………………………………8

**II.    Appellant's counsel should be sanctioned under 28 U.S.C. §1927 and should be jointly and severally liable with Frank for the payment of Appellee's attorneys' fees**……………………………………………….11

**CONCLUSION**………………………………………………………………..13

# TABLE OF AUTHORITIES

<u>Cases:</u>

*B & H Med., L.L.C. v. ABP Admin., LLC*, 526 F.3d 257, 270 (6th Cir. 2008) …….8

*Bridgeport Music, Inc. v. Smith*, 714 F.3d 932 (6th Cir. 2013) ……………...7, 8, 11

*Garner v. Cuyahoga County Juvenile Court*,
    554 F.3d 624 (6th Cir. 2009) …………………………………………...12, 13

*Griffith v. Aultman Hosp.*, 146 Ohio St.3d 196, 2016-Ohio-1138,
    54 N.E.3d 1196……………………………………………………………..10

*Jones v. Continental Corp.*, 789 F.2d 1225 (6th Cir. 1986)………………….....11

*Kempter v. Mich. Bell Tel. Co.*, 534 Fed. Appx. 487 (6th Cir. 2013)……………...13

*Larry E. Parrish, P.C. v. Bennett*, 989 F.3d 452 (6th Cir. 2021) ……………8, 9, 11

*McDonald v. Flake*, 814 F.3d 804 (6th Cir. 2016) ………………………….…11

*Scherer v. JP Morgan Chase & Co.*, 508 Fed.Appx. 429 (6th Cir. 2012)...………11

*Tareco Properties, Inc. v. Morriss*, 321 F.3d 545 (6th Cir. 2003) ……………….11

*Waeschle v. Dragovic*, 687 F.3d 292 (6th Cir. 2012) …………………………….8

*Waldman v. Stone*, 854 F.3d 853 (6th Cir. 2017) ………………………………10

*White v. Ford Motor Co.*, 142 Ohio App.3d 384, 755 N.E.2d 954
    (10th Dist. 2001) ……………………………………………………………9

*Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670 (6th Cir. 1999)………..8, 13

*WSM, Inc. v. Tenn. Sales Co.*, 709 F.2d 1084 (6th Cir. 1983)….………………11

<u>Statutes and other Authorities:</u>

28 U.S.C. §1912……………………………………………………………..*passim*

28 U.S.C. §1927……………………………………………………………..*passim*

42 U.S.C. §1320d………………………………………………………….....10

42 U.S.C. §17939………………………………………………………….....10

Fed. R. App. P. 38……………………………………………………………*passim*

TO THE HONORABLE COURT OF APPEALS:

Appellee, Good Samaritan Hospital of Cincinnati, LLC ("Good Samaritan" or "Appellee") respectfully moves this Honorable Court for sanctions pursuant to Fed. R. App. P. 38, and 28 U.S.C. §§1912, 1927 and requests an award of damages jointly and severally against Appellee, Jahmir Frank ("Frank" or "Appellant") and his counsel, Percy Squire and Leo Ross, in the amount of Appellee's attorneys fees and double costs in pursuing this appeal.

## INTRODUCTION

For years, Appellant, Jahmir Frank, has pursued a claim for the negligent destruction of his medical records which is not a recognized tort under Ohio law. Frank's Appellant Brief failed to make any legal argument that Ohio recognizes such a cause of action (because no authority exists) evidencing Frank's acknowledgment that the appeal was frivolous. Appellee, Good Samaritan, has been forced to expend substantial attorneys' fees, first in state court, then in federal courts while Appellant tilted at windmills pursuing his Quixotic quest for recovery. Appellant's prosecution of a frivolous appeal, should not be condoned or tolerated by this Court. Fortunately, Fed. R. App. P.38 vests this Court with authority to sanction Appellant for filing his frivolous appeal by awarding Appellee its attorneys' fees and double costs. Moreover, 28 U.S.C. §1927 permits this Court to require Appellant's counsel to pay the "excess costs, expenses and attorneys' fees" reasonably incurred by Appellee

because of counsel's conduct. As set forth below, sanctions against Frank and his counsel are clearly warranted in this matter.

## PROCEDURAL HISTORY

Appellant, Jahmir Frank, initially filed a two (2) count Complaint in the Hamilton County (Ohio) Court of Common Pleas on August 12, 2016 alleging claims for medical negligence and "respondeat superior" against Good Samaritan Hospital and the Good Samaritan Hospital Foundation (the "State Court Action") in connection with Frank's delivery and birth 18 years earlier on July 30, 1998. [Complaint ¶1, RE 1, Page ID# 2; *See, also*, Exh. C to Motion to Dismiss, Hamilton County Common Pleas Court Complaint, RE 17-3, Page ID# 156]. In the State Court Action, Frank's counsel was notified that in April 2010, a third party vendor of Good Samaritan "inadvertently and unintentionally destroyed the mom and baby charts from this delivery." [Complaint ¶1, RE 1, Page ID# 2]. On November 3, 2017, Frank filed an Amended Complaint in the State Court Action in which he added a claim for "spoliation of evidence." [Exh. D to Motion to Dismiss, Amended Complaint ¶¶30 – 36, RE 17-4, Page ID# 172 – 173].

This claim was dismissed by partial summary judgment on May 16, 2018, in which the Common Pleas Court found that Frank failed to provide any evidence that Good Samaritan "willfully destroyed documents" or that it "had any knowledge of pending or probable litigation" to support a claim for spoliation. [Exh. E to Motion

2

to Dismiss, Entry Granting Defendant's Partial Motion for Summary Judgment, RE 17-5, Page ID# 175 - 176]. The remainder of Frank's claims were eventually dismissed in the State Court Action by grant of summary judgment, but Frank filed a Notice of Voluntary Dismissal pursuant to Ohio Civ. R. 41(A), before the Common Pleas Court could journalize its ruling on summary judgment. [Complaint ¶1, RE 1, Page ID# 2; *See, also*, Exh. G to Motion to Dismiss, Notice of Voluntary Dismissal, RE 17-7, Page ID# 248].

Frank then re-filed the medical malpractice claim by filing his Complaint (titled: "Class Action Allegations and Jury Demand Endorsed Hereon") in the United States District Court for the Southern District of Ohio on August 31, 2018 [RE 1, Page ID# 1], in which he asserted three (3) causes of action: (1) Medical Malpractice, [Complaint ¶20 – 28, RE 1, Page ID# 6 – 8], (2) Respondeat Superior [Complaint ¶29 – 34, RE 1, Page ID# 8 – 9] and (3) "Negligence" in the accidental destruction of Frank's medical records [Complaint ¶35 – 52, RE 1, Page ID# 9 – 14]. Good Samaritan filed its Motion to Dismiss on October 3, 2018, in which it sought dismissal of the Complaint on the basis that Frank could not establish diversity jurisdiction and, alternatively, dismissal of the third cause of action for "Negligence" because: (a) there is no cause of action in Ohio for negligent destruction of medical records, and (b) the statute of limitations had expired. [Motion to Dismiss, RE 17, Page ID# 137 - 152]. Frank filed his Opposition to the Motion to Dismiss

("Opposition") on December 24, 2018 in which he addressed *only* the challenge to jurisdiction and the statute of limitations. [RE 28, Page ID# 606 – 611]. Notably, Frank did not respond in any way to the substantive argument that there is no cause of action in Ohio for negligent destruction of medical records. [*Id*.] On January 7, 2019, Good Samaritan filed its Reply in Support of its Motion to Dismiss or Alternatively for Partial Summary Judgment ("Reply") in which Good Samaritan noted that that: "In Plaintiff's Memorandum in Opposition to the Motion to Dismiss, Plaintiff does not provide any case law or additional evidence that supports negligent destruction of records as a cause of action." [Reply, RE 29, Page ID# 619].

On March 27, 2019, Frank filed his Supplemental Opposition to the Motion of Defendant The Good Samaritan Hospital Foundation of Cincinnati, Inc. to Dismiss ("Supplemental Opposition" – RE 34, Page ID# 706 – 707), which addressed only the jurisdictional challenge by offering a copy of Frank's Florida Learner's License [RE 34, Page ID# 709] as evidence that Frank was a resident of Florida. However, Frank again failed to offer any argument in opposition to Appellee's Motion to Dismiss the third cause of action for "negligence" in the unintentional destruction of medical records by Cintas. On May 10, 2019, the District Court entered an Order partially denying the Motion to Dismiss "to the extent it seeks dismissal based on lack of subject matter jurisdiction" and expressly

4

reserving a ruling on the remainder of the Motion to Dismiss. [Order, RE 40, Page ID# 734, 736].

On December 9, 2019, the District Court entered its Order granting the Motion to Dismiss the third cause of action ("Dismissal Order"). [RE 52, Page ID# 922 – 930]. In the Dismissal Order, the District Court noted that:

> Plaintiff's third cause of action specifically alleges *negligent* destruction of medical records, which is fatal to Plaintiff proceeding further. Ohio clearly recognizes the tort of spoliation of evidence, which, as an essential element, requires proof of *intent*….
>
> In the state court litigation, Defendants specifically moved for summary judgment on the spoliation of evidence claim added by Plaintiff in his amended complaint. That same claim was not included in the class action complaint before this Court, though. Rather, *all* references are to the Hospital's – or third party Cintas' – *negligence*. Yet negligence, like the "carelessness" alleged in *McGuire*, is patently 'insufficient to establish willfulness.'
>
> Plaintiff's memorandum in opposition is silent on whether Ohio recognizes a tort of negligent destruction of medical records. But in addressing the statute of limitations argument raised by the Hospital, Plaintiff urges the Court to apply what he labels the 'general negligence statute of limitation'

[Order, RE 52, Page ID# 928 – 929]. (Emphasis in original. Internal citations omitted.) Accordingly, the District Court properly held that "Plaintiff's third cause of action is negligence-based and, as such, warrants dismissal." [*Id*. at Page ID# 929]. The next day, December 10, 2019, at a status conference, the District Court granted Frank's oral motion that the court direct entry of a final judgment as to his

third cause of action pursuant to Fed.R.Civ.P.54(b), and on December 17, 2019, the District Court entered its Order Directing Entry of a Final Judgment pursuant to Fed.R.Civ.P.54(b). ["Final Judgment Order" – RE 53, Page ID# 931 – 935]. Frank filed his Notice of Appeal on December 23, 2019. [RE 56, Page ID# 941].

Following the filing of the Notice of Appeal [Dist. Ct. Doc. 56], the Sixth Circuit Court of Appeals case manager sent a letter on December 27, 2019 warning that "if appellant's initial forms are not timely filed or necessary fees paid, the appeal will be dismissed for want of prosecution." [RE 57, Page ID 949]. Because Frank failed to pay the filing fee by January 10, 2020, the Clerk entered an Order dismissing the appeal for want of prosecution. [6th Cir. App. Doc. 9]. Appellant filed his Notice of Payment of Filing Fee and Motion to Reinstate Appeal on February 5, 2020 in which he attached a copy of the docket sheet purportedly evidencing payment of the filing fee. [6th Cir. App. Doc. 11]. However, the filing fee was not paid, resulting in an Order entered on February 27, 2020 denying the Motion to Reinstate Appeal. [6th Cir. App. Doc. 12]. Appellant did not timely move for reconsideration of the February 27, 2020 Order denying his Motion to Reinstate Appeal pursuant to 6th Cir. R. 45(c), and instead waited for three months before filing his "Renewed Motion to Reinstate Appeal" [6th Cir. App. Doc. 13], which was granted over the objection of Appellee, Good Samaritan by Order entered on July 10, 2020. [6th Cir. App. Doc. 18].

Motions were filed by Appellant on August 19, 2020 [6th Cir. App. Doc. 20], September 1, 2020 [6th Cir. App. Doc. 22], September 18, 2020 [6th Cir. App. Doc. 24], October 2, 2020 [6th Cir. App. Doc. 26] and November 2, 2020 [6th Cir. App. Doc. 28] requesting extensions of time to file his Appellant Brief.  On November 12, 2020, Appellant, Frank, finally filed his Corrected Appellant Brief. [6th Cir. App. Doc. 31 and 32].  Appellee, Good Samaritan, filed its Appellee Brief on December 18, 2020.  [6th Cir. App. Doc. 35].  Appellant did not file a Reply Brief.  On April 15, 2021, this Court entered its *per curium* Opinion noting that Appellant's Brief was "devoid of any legal argument" that Ohio recognizes a tort for negligent destruction of medical records and affirmed the Dismissal Order. [6th Cir. App. Doc. 46-2].

**ARGUMENT**

Appellee, Good Samaritan brings this Motion pursuant to Fed. R. App. P. 38, and 28 U.S.C. §§1912 and 1927.  In pertinent part, Fed. R. App. P. 38 provides that "if a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion… and reasonable opportunity to respond, award just damages and single or double costs to the appellee."  For purposes of Fed. R. App. P. 38, an appeal is "frivolous" if it is "obviously without merit and is prosecuted for delay, harassment, or other improper purposes."  *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 944 (6th Cir. 2013) (Internal citations omitted.).  Similarly, 28 U.S.C. §1927

authorizes this Court "to assess excess costs, expenses, and attorneys' fees directly against an attorney who so multiplies the proceedings in any case unreasonably and vexatiously." *Id*., *citing*, *Waeschle v. Dragovic*, 687 F.3d 292, 296 (6th Cir. 2012). Finally, in cases such as this where a judgment is affirmed by the Court of Appeals, 28 U.S.C. §1912 grants this Court authority to award "the prevailing party just damages for his delay, and single or double costs." This Court has previously recognized that where the conduct of a party and their counsel in pursuing an appeal are "objectively and patently meritless" sanctions under all three of Fed. R. App. P. 38, and 28 U.S.C. §§1912 and 1927 are warranted. *Bridgeport,* 714 F.3d at 944.

    I.    <u>Sanctions are warranted under Fed. R. App. P. 38 and 28 U.S.C. §1912</u>.

In the Sixth Circuit, sanctions under Rule 38 are appropriate when the "[Appellant's] arguments essentially had no reasonable expectation of altering the district court's judgment based on law or fact." *Wilton Corp. v. Ashland Castings Corp.*, 188 F.3d 670, 677 (6th Cir. 1999). Thus, sanctions may be granted when an appellant fails "to explain how the district court decision was in error." *B & H Med., L.L.C. v. ABP Admin., LLC*, 526 F.3d 257, 270 (6th Cir. 2008) (Internal citation omitted.). Further, an appeal is frivolous within the meaning of Fed. R. App. P. 38 if it is taken "out of sheer obstinacy" such as in this case when the law is clearly against the Appellant. *Larry E. Parrish, P.C. v. Bennett*, 989 F.3d 452, 454 (6th Cir. 2021). In the instant appeal, Frank did not have a reasonable expectation of altering

or reversing the Dismissal Order, as his own Appellant Brief failed to offer any analysis of applicable Ohio law regarding the negligent destruction of records which would warrant reversal. Frank's Appellant Brief did not even cite a single case in which an Ohio court has recognized a tort for negligent destruction of medical records. Without any such authority, Appellant could not objectively conclude that reversal was warranted. Indeed, Frank and his counsel intentionally avoided citation to Ohio authority precisely because Ohio Courts have uniformly held spoliation or claims for destruction of records require proof of intent, not negligence as alleged by Frank in his Complaint. *See, e.g., White v. Ford Motor Co.*, 142 Ohio App.3d 384, 387, 755 N.E.2d 954 (10th Dist. 2001). That Ohio does not recognize the very claim Frank based his ill-conceived interlocutory appeal was well known to Frank, as the issue had previously been litigated in the State Court Action before he dismissed and re-filed in Federal Court.

Although a finding of bad faith is not required under Fed. R. App. P. 38, Frank's current appeal was prosecuted for the sole purpose of delay and harassment. *Larry E. Parrish,* 989 F.3d at 454. It should be noted that Frank not only allowed the appeal to be dismissed on two separate occasions for failure to pay the filing fee (which in and of itself is further indicia of counsel's true assessment of the merits of the appeal), but his serial motions for extensions of time unnecessarily delayed the prompt resolution of this groundless appeal. Frank's Appellant Brief completely

9

eschewed analysis of Ohio law (which uniformly holds that there is no cause of action for negligent destruction of medical records), and instead meandered with citations to the American Medical Association ("AMA") Code of Ethics Opinion 3.3.1, the American Health Information Management Association ("AHIMA") Code of Ethics, Health Insurance Portability and Accountability Act of 1996 (42 U.S.C. §1320d, *et seq.* - "HIPAA") and the 2009 amendments to HIPAA, as part of the Health Information Technology for Economic and Clinical Health Act (42 U.S.C. §17939 – "HITECH"), forcing Appellee to expend unnecessary attorneys' fees in responding to all of his irrelevant authority. Amazingly, the single Ohio case cited by Appellant in his brief (*Griffith v. Aultman Hosp.*, 146 Ohio St.3d 196, 2016-Ohio-1138, 54 N.E.3d 1196) did not even involve destroyed or missing medical records.

Frank had every opportunity to dismiss the appeal without making Good Samaritan incur expense in preparing its Appellee Brief as he filed four (4) different requests for extensions, and on two different occasions this appeal was dismissed for failing to pay the requisite filing fees. Yet Frank pressed forward with his appeal, indifferent to the expense Good Samaritan would end up incurring in preparing its Appellee Brief. Frank wasted "'time and his adversary's money' by submitting a brief largely 'devoted to frivolous argumentation.'" *Waldman v. Stone*, 854 F.3d 853, 855 (6th Cir. 2017) (Internal citation omitted.). Adding insult to injury, Frank did not even file a Reply Brief which is a tacit admission that the appeal was

completely groundless and "is further evidence that [counsel] had reason to know that the issue on appeal was a non-starter. *Scherer v. JP Morgan Chase & Co.*, 508 Fed.Appx. 429, 439 (6th Cir. 2012). "Rule 38 should doubtless be more often enforced than ignored in the face of a frivolous appeal." *McDonald v. Flake*, 814 F.3d 804, 816 (6th Cir. 2016) citing *WSM, Inc. v. Tenn. Sales Co.*, 709 F.2d 1084, 1088 (6th Cir. 1983). Clearly, this frivolous appeal warrants sanctions against Frank and an award of Good Samaritan's attorneys' fees under Fed. R. App. P. 38. Similarly, this Court has discretion to award damages to Good Samaritan in the form of its attorneys' fees under 28 U.S.C. 1912, as the prevailing party in this appeal. *Bridgeport,* 714 F.3d at 944.

  II. <u>Appellant's counsel should be sanctioned under 28 U.S.C. §1927 and should be jointly and severally liable with Frank for the payment of Appellee's attorneys' fees</u>.

This Court may further sanction Appellant's counsel, Percy Squire under 28 U.S.C. §1927. Sanctions under that statute are justified "when an attorney knows or reasonably should know that a claim pursued is frivolous." *Tareco Properties, Inc. v. Morriss*, 321 F.3d 545, 550 (6th Cir. 2003), citing *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986). When an attorney engages in conduct that objectively "falls short of the obligations owed by a member of the bar to the court which, as a result, causes additional expense to the opposing party" an imposition of sanctions under 28 U.S.C. §1927 is warranted. *Larry E. Parrish,* 989 F.3d at 454

(Internal citation omitted.) Here, there can be no dispute that the appeal was frivolous. Appellant and his counsel, Percy Squire, have brazenly abused state and federal courts in Frank's dogged pursuit of a claim which is not recognized under Ohio law. This appeal is the culmination of vexatious litigation spanning multiple years and court systems.

This court has previously recognized that unreasonable and vexatious litigation which begins with the filing of the complaint and persists through the pendency of the case, subjects counsel to liability under 28 U.S.C. §1927 for attorneys' fees accruing from the inception of the case. *Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 645 (6th Cir. 2009). While Appellant's initial attempt to add a claim for spoliation in the State Court was itself groundless, Appellant's dismissal immediately before entry of a final judgment in the favor of Good Samaritan, subsequent refiling in the Southern District of Ohio for an equally groundless claim for negligent destruction of medical records and demand for an interlocutory appeal of the Dismissal Order is particularly egregious. As this court noted in its *per curiam* order affirming, Frank failed to make any argument in the district court that Ohio recognizes a tort for negligent destruction of medical records, and the Appellant Brief was "similarly 'devoid of any legal argument' in that regard." [6th Cir. App. Doc. 46-2] (Internal citation omitted.) "Rule 38 and 28 U.S.C. §1927 do not permit a lawyer, ostrich-like, to continue prosecuting a case

while refusing to recognize the relevant legal standard or counter the opposing party's factual arguments." *Kempter v. Mich. Bell Tel. Co.*, 534 Fed. Appx. 487, 494 – 495 (6th Cir. 2013). Appellant's counsel should therefore be sanctioned and ordered to reimburse Good Samaritan's attorneys' fees incurred in its defense of the dismissed claim both in the district court and in this appeal. Further, Appellant and his counsel should be jointly and severally liable for Good Samaritan's attorneys' fees. *Garner*, 554 F.3d at 645.

## CONCLUSION

This Court has discretion to award sanctions under Fed. R. App. P. 38 and 28 U.S.C. §1927 "[i]n order to protect this court's ability to serve litigants with meritorious cases and in order to make lawyers give thoughtful consideration to whether there are grounds for an appeal before filing an appeal." *Wilton*, 188 F.3d at 677-678 (Internal citation omitted.). In this case, Appellant, Jahmir Frank, and his counsel, abused the federal courts pursuing a claim which has no viability under Ohio law, and pursued an interlocutory appeal without citing a single case in support of their concocted legal theory. Accordingly, sanctions against Appellant, Jahmir Frank, and his counsel are warranted under Fed. R. App. P.38, and 28 U.S.C. §§1912 and 1927, for vexatiously pursuing a frivolous appeal.

> Respectfully submitted,
> RENDIGS, FRY, KIELY & DENNIS, LLP
>
> /s/ *Michael P. Foley*
> Michael P. Foley (0061227)
> 600 Vine Street, Suite 2650
> Cincinnati, Ohio 45202
> Tele: 513 381 9200 / Fax: 513 381 9206
> Email Address: MFoley@rendigs.com
> *Attorneys for Appellee TriHealth, Inc. f/d/b/a Good Samaritan Hospital*

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> /s/ *Michael P. Foley*
> Michael P. Foley (0061227)

## CERTIFICATE OF COMPLIANCE

In accordance with the provisions of Fed.R.App. 32, the undersigned certifies that this Motion complies with the type limitations of the Rule.

1. The motion contains no more than 3,740 words in its entirety.

2. The brief was prepared in 14 point Times New Roman typeface using Microsoft Word.

> s/Michael P. Foley
> Michael P. Foley

2502191